1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    PAR ELECTRICAL
     CONTRACTORS,                          NO:  2:16-CV-0246-TOR
8    INC. and OLD REPUBLIC
     INSURANCE COMPANY,                     ORDER GRANTING PAR AND
9                                           BLUELINE'S MOTION FOR
                          Plaintiff,        SUMMARY JUDGMENT AND
10                                          DENYING OLD REPUBLIC'S
                                            MOTION FOR SUMMARY
11          v.                              JUDGMENT

12   BLUELINE RENTAL LLC;
     PLATINUM EQUITY, LLC; and
13   SANDRA HOYE, as Personal
     Representative for the Estate of Conor
14   J. Finnerty, and for C.F., a Minor and
     M.F., a Minor,
15
                          Defendants.

16          BEFORE THE COURT is PAR Electrical Contractors Inc.'s Motion for

17   Summary Judgment (ECF No. 21) and Old Republic Insurance Company and

18   BlueLine Rental, LLC's cross Motions for Summary Judgment (ECF Nos. 25; 36).

19   The Court has reviewed the record and files herein, and is fully informed.

20   //

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 1

# BACKGROUND[1]

The instant suit arises out of an unfortunate driving accident resulting in the death of Mr. Conor J. Finnerty.  ECF No. 1 at ¶ 3.20.  While the issue of liability is being addressed in a separate suit (*i.e.* the underlying suit), *see* H*oye v. BlueLine Rental LLC, et al*, 2:15-cv-00330-TOR, ECF No. 1 (E.D. Wash. 2015), the parties to this suit are seeking declaratory judgments to determine which party is ultimately responsible for the defense and potential indemnification of BlueLine Rental, LLC ("BlueLine") as the sole defendant in the underlying suit.

On the day of the accident, Mr. Finnerty was driving a 2003 Mack truck loaded with gravel within the scope of his employment (and at the direction of his supervisor) as an employee of PAR Electric Contractors, Inc. ("PAR").  ECF No. 1 at ¶¶ 3.17-3.18.  While Mr. Finnerty was driving the truck to a construction site in Washington, Mr. Finnerty failed to negotiate a turn, the truck tipped on its side and slid into the Snake River.  ECF No. 1 at ¶¶ 3.18-3.21.  PAR rented the truck from BlueLine at its facility in Post Falls, Idaho, and signed a rental agreement ("Rental Agreement") drafted by BlueLine.  ECF No. 1 at ¶ 3.1.

The Rental Agreement included an indemnity provision whereby PAR agreed to indemnify BlueLine for certain damages.  ECF Nos. 1 at ¶ 3.1; 1-4 at

---

[1]    The material facts are not contested.

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 2

¶ 12 (Rental Agreement).  According to the terms of the Rental Agreement, PAR had to obtain Commercial General Liability and Automobile Liability insurance policies naming BlueLine as an Additional Insured and Payee.  ECF No 1-4 at ¶ 10.  PAR obtained such insurance through Old Republic Insurance Company ("Old Republic"), naming BlueLine as an "additional insured" ("AI") on the insurance policy ("policy").

The Washington Department of Labor and Industries and the Washington State Patrol investigated the accident.  ECF Nos. 26 at ¶¶ 12-13; 40 at 2-3. According to the Washington State Patrol, there were numerous pre-collision mechanical problems with the truck, including "inadequate brakes for safe stopping," "brakes out of service," "Clamp or Roto type brake out-of-adjustment," and "CMV manufactured after 10/29/94 has an automatic airbrake adjustment system that fails to compensate for wear."  ECF Nos. 26 at ¶ 13; 40 at ¶ 13.  The Department of Labor and Industries' "Inspection Summary" contained the following

> [T]his is not a safety and health violation, as it is the CDL holder[']s responsibility to make sure his or her brakes are adjusted properly, [and] I believe this accident was due to the driver not checking his slack adjusters before descending grade to make sure his brakes were adjusted properly, causing him to gain speed and [lose] control of the dump truck.

ECF No. 34 at 5.

//

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 3

Sandra Hoye, as Personal Representative for the Estate of Mr. Finnerty, and for C.F., a minor, and M.F., a minor, brought suit against BlueLine and Platinum Equity, LLC ("Platinum"), alleging BlueLine was negligent in maintaining the truck brakes.  No. 2:15-CV-0330-TOR.  While the suit was pending, PAR and Old Republic filed this action, seeking declaratory judgments that they owe no duty to defend or indemnify BlueLine in the underlying action under the indemnity provision of the Rental Agreement and under the terms of the insurance policy, respectively, and have filed motions for summary judgment on these points.  ECF Nos. 1; 21; 25.  BlueLine and Ms. Hoye challenge the requests, and BlueLine submitted its own Motion for Summary Judgment (ECF No. 36) requesting the Court to declare that Old Republic does have a duty to defend and indemnify BlueLine in the underlying lawsuit.  ECF Nos. 32; 33; 34; 36.

For the reasons discussed below, the Court **GRANTS** PAR's Motion for Summary Judgment (ECF No. 21), **DENIES** Old Republic's Motion for Summary Judgment (ECF No. 25), and **GRANTS** BlueLine's Motion for Summary Judgment (ECF No. 36).

## DISCUSSION

**A.  Standard of Review**

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 4

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the

initial burden of demonstrating the absence of any genuine issues of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the

non-moving party to identify specific facts showing there is a genuine issue of

material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"The mere existence of a scintilla of evidence in support of the plaintiff's position

will be insufficient; there must be evidence on which the jury could reasonably

find for the plaintiff." *Id.* at 252. For purposes of summary judgment, "[i]f a party

fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact as required by Rule 56(c), the court may . . . consider the

fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d).

A fact is "material" if it might affect the outcome of the suit under the

governing law. *Liberty Lobby*, 477 U.S. at 248. A dispute concerning any such

fact is "genuine" only where the evidence is such that a reasonable trier-of-fact

could find in favor of the non-moving party. *Id.* "[A] party opposing a properly

supported motion for summary judgment may not rest upon the mere allegations or

denials of his pleading, but must set forth specific facts showing that there is a

genuine issue for trial." *Id.* (internal quotation marks and alterations omitted); *see*

*also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)

(holding that a party is only entitled to proceed to trial if it presents sufficient,

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 5

probative evidence supporting the claimed factual dispute, rather than resting on mere allegations).  Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Finally, in ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  *See Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (internal quotation marks and brackets omitted)).

**B.  PAR's Motion for Summary Judgment**

PAR moves the court to grant summary judgment in its favor and enter an order that PAR is entitled to declaratory judgment that PAR owes no duty to defend or indemnify Defendant BlueLine in the underlying lawsuit.  ECF No. 21. Specifically, PAR argues the indemnity provision found in the Rental Agreement

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 6

is void per RCW 4.24.115 (and Idaho Code § 29-114 in the alternative) as to liability for claims arising from BlueLine's sole negligence; and asserts that BlueLine is solely negligent because the complaint in the underlying lawsuit does not claim PAR or its employees are negligent.  ECF No. 21 at 2.

BlueLine argues the indemnity provision does not fall under the purview of either statute, and as such is valid and applies to claims arising from BlueLine's sole negligence; and that even if the indemnity provision does not extend to sole negligence, there is a genuine issue of material fact as to whether PAR and its employees were also negligent (so the issue is not one of sole negligence).  ECF No. 34 at 6.

PAR argues Washington law should apply since there is no conflict between Idaho and Washington law on the point.  ECF No. 21 at 7.  BlueLine argues the laws do conflict on the issue, and asserts Idaho law should apply.  ECF No. 34 at 6. For the reasons discussed below, the Court **GRANTS** PAR's Motion for Summary Judgment (ECF No. 21), as the indemnity provision does not expressly assign liability to PAR for BlueLine's negligence (whether sole or concurrent) as required by Washington and Idaho law to be effective, and the only potential liability for BlueLine in the underlying lawsuit is for its own negligence.

//

//

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 7

1. **Governing law**

"When a federal court sits in diversity, it must look to the forum state's

choice of law rules to determine the controlling substantive law." *Patton v. Cox*,

276 F.3d 493, 495 (9th Cir. 2002).  In Washington (the forum state), courts

determine the choice of law by determining: (1) whether there is an actual conflict

of laws between the two proposed states, and if so, (2) whether the parties' choice

of law is effective. *Erwin v. Cotter Health Ctrs.*, 161 Wash.2d 676, 692 (2007).

Washington courts will enforce a choice-of-law provision unless: (1) "without the

provision, Washington law would apply" under section 188 of the Restatement; (2)

"the chosen state's law violates a fundamental public policy of Washington"; and

(3) "Washington's interest in the determination of the issue materially outweighs

the chosen state's interest." *McKee v. AT&T Corp.*, 164 Wash.2d 372, 384 (2008).

In determining which state's law would apply under section 188 of the

Restatement, Washington courts weigh the relative importance of: (1) the place of

contracting; (2) the place of contract negotiation; (3) the place of contract

performance; (4) the location of the subject matter of the contract; and (5) the

domicile, residence, or place of incorporation of the parties. *Id.* at 385 (holding

that Washington law applies where "New York's only tie to this litigation is that it

is the state of incorporation of [the defendant]").

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 8

Here, the Rental Agreement includes a choice of law provision that provides the Rental Agreement is "governed and construed by the laws of the state of Lessor's location on the Front."  ECF No. 1-4 at ¶ 17.  The lessor's location on the front of the Rental Agreement is Post Falls, Idaho, where the parties entered into the agreement and where PAR took possession of the rental truck.  ECF No. 1-4 at 2.  The Rental Agreement lists "CENTRAL FERRY FIBER" as the "P.O. #."  ECF No. 1-4 at 2.  This refers to the underlying construction contract between PAR and the Bonneville Power Administration for the construction of power line infrastructure in Washington.  *See* ECF Nos. 21 at 4; 23-1.  PAR is a Missouri corporation, and BlueLine is a Delaware corporation.  ECF No. 1 at ¶¶ 1.1, 1.3. Although the accident and underlying construction project were in Washington, everything else involving the Rental Agreement (contract formation and performance) occurred in Post Falls, and neither party is a resident of Idaho or Washington.  This leaves Idaho as the clear choice under Section 188 if Washington and Idaho law conflict.  Thus, even without the choice of law contractual provision, Idaho law will apply if there is a conflict with Washington law.

PAR argues that there is no conflict between Washington and Idaho law, and suggests Washington law, as the forum state, governs the Rental Agreement.  ECF No. 21 at 8-9.  BlueLine asserts that there are relevant differences between Idaho

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    and Washington law that require applying Idaho law to the Rental Agreement.

2    ECF No. 34 at 8.  For the law material to the case at hand, Washington and Idaho

3    law agree in the main, although Idaho case law often uses different phrases for the

4    same concept.  For the purposes of PAR's Motion for Summary Judgment, both

5    Idaho and Washington law is considered, but the Court defers to Idaho law where

6    the language differs.

7        **2.  PAR has no duty to indemnify BlueLine**

8        Although "parties to a contract, such as a lease, may [generally] agree to

9    limit liability for negligence[,]" courts "look with disfavor on such attempts to

10   limit liability and will strictly construe these provisions against the party relying on

11   them."  *Empire Lumber Co. v. Thermal-Dynamic Towers, Inc.*, 971 P.2d 1119,

12   1123 (Idaho 1998) (quoting *Lee v. Sun Valley Co.,* 695 P.2d 361, 363 (Idaho

13   1984), and *Anderson & Nafziger v. G.T. Newcomb, Inc.,* 595 P.2d 709, 712 (Idaho

14   1979)); *Calkins v. Lorain Division of Koehring Co.*, 26 Wash. App. 206, 210

15   (1980) ("Ambiguous contracts are construed against the drafter . . . and ambiguous

16   indemnity contracts are construed against the indemnitee . . . .").  Accordingly,

17   "[c]ontract clauses purporting to exclude liability for negligence must speak clearly

18   and directly to the particular conduct of the defendant which caused the harm at

19   issue."  *Empire Lumber*, 971 P.2d at 1123 (quoting *Anderson & Nafziger,* 595 P.2d

20   at 712); *McDowell v. Austin Co.*, 105 Wash.2d 48, 52 (1985) ("[P]ublic policy

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 10

disfavors allowing an indemnitee to contract away liability resulting from its own negligence, and courts will enforce such agreements only if expressed in clear terms."); *Northwest Airlines v. Hughes Air Corp.*, 104 Wash.2d 152, 155 (1985) ("Washington currently requires, as do some other states, that more specific language be used to evidence a clean and unequivocal intention to indemnify the indemnitee's own negligence") (citations omitted).  In other words, the drafter must use express language when shifting liability for one's negligence; general language exempting a party from a specific source of liability is not sufficient.  *See Empire Lumber*, 971 P.2d at 1124; *McDowell*, 105 Wash.2d at 52; *Calkins*, 26 Wash. App. at 210 ("A contract providing indemnity for concurrent negligence will be strictly construed, with any doubts resolved in favor of the indemnitor.").

In *Empire Lumber*, two companies entered into a lease agreement for a warehouse for a specific term.  *Empire Lumber*, 971 P.2d at 1121.  The lease provided that, "[e]xcept for reasonable wear and tear and damage by fire or unavoidable casualty, Lessee will at all times preserve said premises in as good repair as they now are or may hereafter be put to . . . ."  *Id.* at 1121.  Before the term of the lease ended, the warehouse caught on fire, partially as a result of the negligence of the tenant.  *Id.* at 1122.  The Idaho Supreme Court reviewed the contractual language and held that "this particular exculpatory clause regarding who bears the risk of loss for fire does not excuse [the Lessee] from liability if its

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 11

negligent actions caused the fire." *Id.* at 1123.  The Court reasoned that, despite the general language purporting to exclude the lessee from liability for fire damage without qualification, "[t]he lease language does not clearly indicate, as required by this Court's decision in *Anderson & Nafziger*, that the parties intended to release [the Lessee] from liability for its negligent acts." *Id.* at 1124.

Turning to the instant action, section 12 of the Rental Agreement between PAR (Customer) and BlueLine (Lessor) includes the following indemnity provision:

> Indemnity — Customer hereby agrees to be liable for and to defend, indemnify and hold harmless Lessor . . . from and against all injury, loss, damage, liability, claim, action, or expense (including legal expense), whether in relation to the equipment or any person or property (collectively, "claims"), arising out of any of the following:
>
> (A) Any liens or encumbrances permitted by Customer to be attached to the equipment;
> (B) Any actual or alleged violation by Customer or any authorized operator or any person from whom Customer is responsible at law of any law regulation or requirement affecting the equipment or its use, operation, or transportation;
> (C) The maintenance, use, possession, operation, dismantling, servicing or transportation of the equipment, including without limitation, any bodily or personal injury, death or property damage sustained by any person as a result of any of the foregoing;
> (D) Any failure by Customer or any authorized operator of any person for whom Customer is responsible at law to comply with the terms of this agreement;
> (E) Any property left, stored, loaded or transported by Customer or any other person in or upon the equipment; or
> (F) Any act, omission or negligence of Customer, any authorized operation by any person for whom Customer is responsible at law or

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 12

any person or entity coming into contact with the equipment while under the use, possession or control of the Customer.

Acceptance of the limited damage waiver pursuant to section 11, and the insurance requirements in section 10, and the performance of the Customer of its obligations under such sections shall not relieve Customer of any liability under the indemnity provisions set forth above.

ECF No. 1-4 at 3, ¶ 12 (formatting and capitalization altered for clarity).

Crucially, the indemnity provision does not specifically mention PAR will be liable for any of BlueLine's conduct, let alone its negligence. Notably, the only subsection of the indemnity provision that is not limited to conduct attributed to the Customer (*i.e.* PAR) is subsection (c), which broadly refers to a claim arising out of the "maintenance, use, possession, operation, dismantling, servicing or transportation of the equipment . . . ." While the language does not exclude claims arising from negligent maintenance of BlueLine, for example, it does not expressly include BlueLine in the provision (*i.e.* the alleged shift in liability for BlueLine's negligence is not "clearly indicate[d]" or "spelled out" as required to be effective under Idaho and Washington law, respectively). *Empire Lumber*, 971 P.2d at 1124; McDowell, 105 Wash.2d at 54 (citing *Northwest Airlines,* 104 Wash.2d at 157–58).

Reviewing the entire Rental Agreement supports the conclusion that PAR does not have a duty to indemnify BlueLine for damages arising from BlueLine's

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 13

own negligence.  Section 12 of the Rental Agreement references section 11, which

provides:

> Optional Limited Damage Waiver (LDW) - LDW IS NOT INSURANCE
> and does not relieve Customer of insurance requirements, risk of loss, and/or
> other obligations herein.  Customer will always be liable for all damage
> caused by abuse, misuse, neglect, or negligence while in Customer's care,
> possession, custody or control.  Customer will always be liable for all
> damage to tires or tracks. . . . Notwithstanding Paragraph 7, if LDW is
> provided as set forth here Lessor agrees to limit, to the extent specified
> herein, Customer's responsibility to Lessor for damage to the Equipment to
> 50% of the actual damage caused.  If Equipment is damaged beyond repair,
> the Customer will be responsible for 50% of the replacement cost.  The
> extent of damage incurred is determined at Lessor's sole discretion.  If LDW
> is provided as set forth herein, Lessor agrees to limit Customer's liability for
> theft of Equipment from a secured location to 50% of the replacement cost.
> Lessor is to be notified immediately and a police report must be filed within
> 48 hours of discovery of theft.  If LDW is provided as set forth herein,
> Lessor agrees to waive Customer's responsibility entirely for total damage
> or loss of $200 or less, including labor, specifically excluding theft, tires
> and/or tracks.  LDW WILL NOT BE IN EFFECT IF LDW charges are not
> paid as specified in the Agreement, or if Customer falls to accept LDW by
> Initialing the front side of this Agreement.  If LDW is not in effect,
> Customer remains fully liable for any and all damage to the Equipment.

ECF No. 1-4 at 3.  Notably, this clause specifically references the customer's

liability for damage while in the customer's care; and the clause only mentions a

limit for damages resulting from theft or damage to the equipment when in the

customer's care.  There is no reference in this clause to the customer's liability to

the lessor for lessor's conduct, let alone the lessor's negligent conduct.

//

//

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 14

Section 7 of the Rental Agreement concerns the customer's risk of loss and is similarly limited to discussing losses or damage to the equipment while on rental or in the Customer's care:

> Risk of Loss- Subject to Paragraph 11, all loss of or damage to the Equipment while on rental or in Customer's care, possession, custody or control, whether exclusive or not, and whether or not due to the fault of the Customer, will be the sole responsibility of Customer and will be paid to Lessor immediately upon Customer's receipt of an Invoice.  Such responsibility is limited to the full replacement value of the Equipment at the time it is lost or damaged, less its salvage value plus an administrative fee and all related expenses to Lessor. . . .  Customer will also be responsible for the full rental rate as set forth in the Agreement until the Equipment is repaired or replaced.

ECF No. 1-4 at 3 (capitalization altered for clarity).  This section is similar to section 11, as the entire section refers only to the customer's liability for damage while on rental or in customer's care, etc.  There is no mention of customer's potential liability for acts or omissions by BlueLine.

Ultimately, the indemnity clause does not expressly shift liability to PAR for BlueLine's own negligence, as is required under Idaho (and Washington) law to be effective.  *Empire Lumber*, 971 P.2d at 1123 (quoting *Anderson & Nafziger,* 595 P.2d at 712); *McDowell.*, 105 Wash.2d at 52 ("[C]ourts will enforce such agreements only if expressed in clear terms."); *Northwest Airlines*, 104 Wash.2d at 155 ("Washington currently requires . . . that more specific language be used to evidence a clean and unequivocal intention to indemnify the indemnitee's own

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 15

negligence") (citations omitted).  As a result, the indemnity agreement does not require PAR to indemnify BlueLine for BlueLine's own negligence, whether BlueLine is the sole or a concurrent tortfeasor.  As evidenced by Section 11 of the Rental Agreement, BlueLine (the drafting party) could have clearly spelled out the Customer's liability for BlueLine's negligence, but it failed to do so.  For example, the clause could have stated: "Customer is liable for claims arising from the maintenance of the equipment, including the negligent maintenance by Lessor."

The indemnity provision is not void, but it does not cover liability for BlueLine's negligence. The only claim against BlueLine in the underlying suit is for BlueLine's negligence.  *See* H*oye v. BlueLine Rental LLC, et al*, 2:15-CV-0330-TOR, ECF No. 1.  Accordingly, PAR does not have a duty to indemnify BlueLine in the underlying suit.

This situation is similar to *Empire Lumber* in that the contracts both purport to delegate liability for a specific source of liability without express language delegating liability for negligence.  As a result, as in *Empire Lumber*, the broad provision must be trimmed to exclude liability for negligence of the indemnitee.  *Empire Lumber*, 971 P.2d at 1124.  Specifically, although the underlying lawsuit arguably arises out of the maintenance of the equipment (or out of the acts or omissions of PAR or its employees), BlueLine is only potentially liable for its own negligence in the underlying suit, *see* RCW 4.22.070, so PAR cannot be called

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 16

upon to indemnify BlueLine for this liability, absent the express language required by *Empire Lumber*.

### 3. **PAR has no duty to defend BlueLine in the underlying lawsuit**

"The duty to defend is triggered if the third-party's complaint reveals a potential for liability that would be covered . . . ."  *Hoyle v. Utica Mut. Ins. Co.*, 48 P.3d 1256, 1264 (Idaho 2002) (citing *City of Idaho Falls v. Home Indem. Co.,* 888 P.2d 383, 387 (Idaho 1995)); *Knipschield v. C–J Recreation, Inc.,* 74 Wash. App. 212, 216 (1994) ("The duty to defend is determined by the facts known at the time of the tender of defense."); *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.,* 67 Wash. App. 468, 472 (1992) ("[T]he facts at the time of the tender of defense must demonstrate that liability would eventually fall upon the indemnitor, thereby placing it under a duty to defend.") (alteration in original; internal quotes omitted)  (quoting *Dixon v. Fiat–Roosevelt Motors, Inc.,* 8 Wash. App. 689, 693–94 (1973)).

As discussed above, BlueLine is only potentially liable for its own negligence in the underlying suit.  RCW 4.22.070.  Regardless of any factual dispute, the indemnity provision does not extend to liability for BlueLine's own negligence without an express provision indicating such, so PAR does not have a duty to defend BlueLine in the underlying action.  *Hoyle*, 48 P.3d at 1264 (citing

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    *City of Idaho Falls,* 888 P.2d at 387).  PAR's Motion for Summary Judgment (ECF

2    No. 21) is **GRANTED**.

3    **C.  Old Republic – BlueLine Cross-Motions for Summary Judgment**

4        Old Republic and BlueLine submitted cross-motions for summary judgment

5    (ECF Nos. 25; 36) on the issue of whether the terms of the insurance policy

6    naming BlueLine as an additional insured require Old Republic to defend and

7    indemnify BlueLine in the underlying lawsuit.  The parties agree Washington law

8    governs this issue.  *See* ECF Nos. 25 at 7-10; 36 at 2.

9        Old Republic requests that the Court enter a declaratory judgment that Old

10   Republic owes no duty to defend or indemnify BlueLine in the underlying lawsuit,

11   arguing that there are no allegations in the underlying lawsuit—or collateral

12   evidence showing—that the accident resulted from any act or omission of PAR.

13   ECF No. 25 at 3.  BlueLine requests that the Court enter a declaratory judgment in

14   the reverse, arguing the accident did result from an act or omission of PAR and / or

15   its employees.  ECF No. 36 at 10.

16       **1.  <u>Injury "resulting from acts or omissions" refers to any act or</u>
17   <u>omission, whether negligent or not, that has a casual relationship</u>
     <u>with the injury</u>**

18       The crux of the dispute centers on the meaning of bodily injury "resulting

19   from acts or omissions of [PAR or its employees or agents]", ECF No. 1-5 at 40,

20   which language is contained in the additional insured endorsement to the insurance

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 18

policy.  Specifically, Old Republic and BlueLine disagree on the meaning of (1) "resulting from" and (2) "acts or omissions."  ECF Nos. 36, 39.

In Washington, the interpretation of an insurance policy is a question of law. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.,* 124 Wash.2d 789, 797 (1994) (citations omitted).  Insurance policies are construed as contracts, *Am. Nat. Fire Ins. Co. v. B & L Trucking & Const. Co.*, 134 Wash.2d 413, 427 (1998) (citing *Findlay v. United Pacific Ins. Co.,* 129 Wash.2d 368, 378 (1996)). The courts construe the terms of an insurance policy in a "fair, reasonable, and sensible" manner as "the average person purchasing insurance" would understand them.  *Overton v. Consol. Ins. Co.,* 145 Wash.2d 417, 424 (2002) (citation omitted).

If the policy language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists.  *Int'l Ins. Co.,* 124 Wash.2d at 797.  A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.  *Am. Nat. Fire Ins. Co.*, 134 Wash.2d at 428 (citing *Morgan v. Prudential Ins. Co.,* 86 Wash.2d 432, 435 (1976)).  "Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured." *Id.* (citations omitted).  Undefined terms in an insurance contract must be given their "plain, ordinary, and popular" meaning.  *Boeing Co. v. Aetna Casualty & Sur. Co.,* 113 Wash.2d 869, 877 (1990) (citations omitted).  To

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 19

determine the ordinary meaning of an undefined term, Washington Courts look to a standard English language dictionary. *Id.*

The meaning of the two phrases are addressed in turn.

### a. *"Acts or omissions" includes non-negligent acts or omissions.*

The AI Endorsement limits BlueLine's insurance coverage to bodily injury resulting from acts or omissions of PAR or its employees. *See* ECF No. 1-5 at 40. BlueLine argues that the "act or omission" does not require negligence or fault on the part of PAR or its employees or agents before coverage attaches. ECF No. 36 at 10. In support, BlueLine cites three cases from outside Washington that hold acts or omission do not require negligence. ECF No. 36 at 11-15 (citing *Maryland Cas. Co. v. Regis Ins. Co.,* 1997 WL 164268 (E.D. Pa. Apr. 9, 1997); *Dillon Cos. v. Royal Indem. Co.*, 369 F. Supp. 2d 1277 (D. Kan. 2005); and *Kel-Mar Designs, Inc. v. Harleysville Ins. Co. of New York*, 8 N.Y.S.3d 304 (App. Div. 2015).

BlueLine further argues that inserting the word "negligence" to modify "acts or omissions" would effectively limit BlueLine's coverage to vicarious liability, while noting the policy already covers vicarious liability. ECF No. 36 at 18-19; *See* ECF No. 1-5 at 57-58 ("Who Is An Insured" includes "Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability."). BlueLine reasons that this (*i.e.* Old Republic's) interpretation of the AI Endorsement would make the AI Endorsement superfluous. ECF No. 36 at 19.

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    Old Republic argues that acts or omission require fault.  ECF No. 39 at 6.  In

2    doing so, Old Republic dismisses (1) *Regis* and *Dillon* (cited by BlueLine) as

3    inapposite because the named insured was not immune from suit;[2] and (2) the *Kel-*

4    *Mar* case as lacking in analysis and not followed by other courts, citing allegedly

5    opposing cases.  ECF No. 39 at 6-8 (citing *Schafer v. Paragano Custom Bldg.,*

6    *Inc.*, 2010 WL 624108, at *2 (N.J. App. Div. Feb. 24, 2010); *Eng'g & Constr.*

7    *Innovations, Inc. v. L.H. Bolduc Co.*, 825 N.W.2d 695, 707 (Minn. Sup. Ct. 2013);

8    *MacArthur v. O'Connor Corp.*, 635 F. Supp. 2d 112, 116-17 (D. R.I. 2009);

9    *Vulcan Materials Co. v. Cas. Ins. Co.*, 723 F. Supp. 1263, 1265 (N.D. Ill. 1989);

10   *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 294 (Fla. 2007); *Huber Engineered*

11   *Woods, LLC v. Canal Ins. Co.*, 700 S.E.2d 220, 221 (N.C. 2010).

12   Because a plain reading of the insurance contract covers acts or omissions,

13   not just *negligent* acts or omissions, the Court will decline Old Republic's

14   invitation to insert the word "negligent" into the contract where it was not

15

16   [2]    Notably, whether the named insured is immune from suit has no bearing on

17   the case unless "act or omission" is limited to negligence, as Old Republic's

18   argument on this point presumes "act or omission" requires fault to argue BlueLine

19   will never be liable for PAR's act or omission (assuming it is fault) under

20   Washington's comparative fault statute, RCW 4.22.070.  *See* ECF No. 39 at 2-5.

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 21

provided, especially where that would work to limit the insured's coverage and where the insurance company very well could have included the word "negligent" when drafting the policy.  At the very least, there is a strong argument for the expansive reading proposed by BlueLine, and the Court must interpret ambiguities in favor of the insured.  *Am. Nat. Fire Ins. Co.*, 134 Wash.2d at 428.  To argue otherwise would be to argue the word "negligent" is simply redundant in the phrase "negligent act or omission," which is contrary to plain English and common sense.

Further, the policy in the instant cases contains a vicarious liability provision (separate from the additional insured provision).  *See* ECF No. 1-5 at 57-58 ("Who Is An Insured" includes "Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability.").  The language in the indemnity provision (liable for the conduct of the insured) is very different from the separate additional insured provision (liable for injuries resulting from the acts or omissions of the original insured), which suggests they have different meanings—the latter clearly being much more broad.  *See* ECF No. 1 at 10.  Reading the phrase as Old Republic proposes would render the additional insured provision superfluous.  If Old Republic wanted the additional insured provision to apply in the same manner as its vicarious liability it surely could have used the same language.

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 22

Notably, the cases cited by Old Republic do not support a contrary position, as the cases concern different contract language. *See Paragano*, 2010 WL 624108, at *2 (caused by acts or omissions; endorsement explicitly stated that the certificate does not expand coverage afforded by the policy), *Innovations*, 825 N.W.2d at 707-709 (acts or omissions, reading contract as a whole, is limited to negligence where the insured could only contractually assume the *tortious* liability of a third party), *MacArthur*, 635 F. Supp. 2d at 115 (additional insured was only covered "to the extent that such person or organization is liable for your acts or omissions."); *Vulcan*, 723 F. Supp. at 1264 ("liability because of acts or omissions of an insured" is a vicarious liability provision), *Garcia*, 969 So. 2d at 290 (insurance extended insured status to "any other person or organization with respect to liability because of acts or omissions of [the named insured or family members].") and *Huber,* 690 S.E.2d 739, 744 ("any other ... organization but only with respect to ... its liability because of acts or omissions of an insured . . . ."). As the court in *Garcia* recognized, the use of "because of" refers to more than a "sequential link" and actually refers to "vicarious liability." *Garcia*, 969 So. 2d at 293 (quoting *Long Island Lighting Co. v. Hartford Accident & Indem. Co.*, 350 N.Y.S.2d 967, 972 (N.Y.Sup.Ct. 1973)). The difference in language is significant.

On the other hand, BlueLine's cases are persuasive, as they are on-point, instructive and well-reasoned. *See Regis*, 1997 WL 164268, at *1 (liability

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 23

imposed "<u>as the result of an alleged act or omission</u> of the Named Insured" is not limited to negligence according to the plain and ordinary meaning); *Dillon*, 369 F. Supp. 2d 1277 (the words "act or omission" creates an ambiguity that should be construed in favor of the insured to include non-negligent conduct, recognizing the insurer could have used the words negligent or vicarious to clarify); and *Kel-Mar*, 8 N.Y.S.3d at 305 ("acts or omissions" includes any act or omission, whether or not the underlying actor was negligent or otherwise at fault).

Ultimately, if Old Republic wanted the provision to work as a vicarious liability provision, it could have easily done so by including key words like "vicarious" and "negligent" that would preempt any debate.  *See Dillon,* 369 F. Supp. 2d at 1288.  For these reasons, the Court holds that the phrase "acts or omissions" used in the policy includes negligent and non-negligent acts or omissions.

**b.** ***Resulting from requires only a causal connection***

Old Republic recognizes that the phrase "resulting from" is undefined in the policy, and argues that the court should adopt the definition followed by a dissenting Supreme Court opinion, which defined "resulting from" as 'proceed[ing], spring[ing], or aris[ing] as a consequence, effect, or conclusion." ECF No. 25 at 12 (quoting *Bloate v. United States,* 559 U.S. 196, 220-21 (2010) (dissenting, J. Alito) (alteration original) (citing Webster's Third New International

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 24

Dictionary 2 (1971))).  In a footnote, Old Republic mentions that "Washington Courts have suggested that "resulting from" is akin to a proximate cause standard . . ."  ECF No. 25 at 13 n.4 (citing *State Farm Mut. Auto. Ins. Co. v. Centennial Ins. Co.*, 14 Wash. App. 541, 543 (1975)).

BlueLine, relying on the Washington Appellate decision *Jerome*, argues that "resulting from . . . requires proof only of a causal connection."  ECF No. 36 at 17 (citing *Mutual of Enemclaw Ins. Co. v. Jerome*, 122 Wash.2d 157 66 Wash. App. 756, 762 (1992) ("*Jerome I*") *reversed on other grounds by Mutual of Enemclaw Ins. Co. v. Jerome*, 122 Wash.2d 157 (1993) ("*Jerome II*").  Old Republic, in its Reply (ECF No. 39), argued that *Jerome I* is not good law since no Washington court has cited to the decision since it was decided 24 years ago.  ECF No. 39 at 9.

The argument that a case is no longer good law because it has not been cited for a period of time is unpersuasive, and Old Republic has asserted no other reason for its inapplicability beside the fact the case has been reversed on other grounds. *See* ECF No. 39 at 9.  Notably, Old Republic points to *State Farm* for support, but the brief mention in that case that if the drafter wanted to include the notion of proximate cause it could have included "resulted from" is dicta at most, and that same court has refined its stance.  *See Jerome I*, 66 Wash. App. at 761-62 ("[A]ny significance of the dicta in *State Farm* is vitiated by the fact that the same court recently interpreted a policy containing 'resulting from' language as requiring a

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 25

causal connection.") (citing *PEMCO Ins. Co. v. Schlea,* 63 Wash. App. 107, 109-10 (1991)).

The court in *Jerome I* reasoned that a causal connection, not proximate cause, is required for "resulting from" because "an average insurance customer has little or no understanding of the legal concept of proximate causation and cannot be expected to suspect that a policy containing the term 'resulting from' might provide less coverage than one containing the term 'arising out of.'" *Id.* at 762. The court concluded that, because "resulting directly from" has been interpreted as requiring proximate cause, and because "resulting directly from" is narrower than the term "resulting from", the "latter term is closer to the term 'arising out of' than 'resulting directly from' and hence requires proof only of a causal connection." *Id.* at 762. The *Jerome I* Court reached this decision in full recognition that Washington appellate courts consistently hold that the phrase "arising out of" has a broader meaning than "resulted from":

> We recognize that this court has construed "arising out of" more broadly than "resulting from." Nevertheless, on a continuum, we place the term "resulting from" closer to the broader term of "arising from" than to the narrower term of "resulting directly from".

*Jerome I*, 66 Wash. App. 756, 762 n.3.

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 26

The Court sees no reason why the Washington Supreme Court would disagree with the holding of *Jerome I*.[3]  *Estrella v. Brandt*, 682 F.2d 814, 817 (9th Cir. 1982) ("An intermediate state appellate court decision is a 'datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'") *(*quoting *West v. AT&T Co.*, 311 U.S. 223, 236-37 (1940)).  As such*, "resulting from"* is satisfied by showing a "causal connection."

//

---

[3]     Indeed, the Washington Supreme Court reversed *Jerome I* on other grounds. *Jerome II*, 122 Wash.2d 157.  In deciding, the Court followed the appellate court's definition of "resulting from" because the issue was not appealed.  *Jerome II*, 122 Wash.2d at 162 ("We will treat the phrase "resulting from" as equivalent to "arising out of" in resolving this issue because MOE did not challenge the Court of Appeals' ruling on this point.").  However, the Court arguably had the power to address the issue.  *State v. Aho*, 137 Wash.2d 736, 741 (1999) ("This court may raise an issue *sua sponte* and rest its decision on that issue.  One factor that we have considered in determining whether to exercise this authority is to decide whether the issue is a purely legal one.") (emphasis added; citations omitted).

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 27

2.  **The policy covers BlueLine's legal liability**

Old Republic argues that the policy only covers PAR's liability, not BlueLine's, ECF No. 25 at 3-4, relying on language from the Rental Agreement. As BlueLine correctly notes, the Rental Agreement is not determinative of the scope of the insurance policy.  ECF No. 36 at 20.  Even if Old Republic is correct in that "the BlueLine lease agreement only required PAR to obtain insurance that covered PAR's liability[,]" ECF No. 25 at 4, this has no bearing on what coverage was actually obtained.  The terms of the policy are what governs.  The policy included BlueLine as an additional "insured," and, by Old Republic's own admission, "the terms of the Policy . . . provide coverage only for amounts that BlueLine is legally obligated to pay for bodily injury arising from the acts or omissions of PAR and its employees."  ECF Nos. 25 at 2; 39 at 7.

3.  **Scope of material for review is not limited to the "eight corners"**

Old Republic argues that the Insurer's duty to defend is limited to the allegations of the complaint.  ECF No. 25 at 10.  While the general rule is that the "duty to defend is determined from the 'eight corners' of the insurance contract and the underlying complaint[,]" there are two exceptions:

(1) [I]f coverage is not clear from the face of the complaint but coverage could exist, the insurer must investigate and give the insured the benefit of the doubt on the duty to defend.

(2) [I]f the allegations in the complaint conflict with facts known to the insurer or if the allegations are ambiguous, facts outside the complaint

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 28

1   may be considered.  However, these extrinsic facts may only be used to
2   trigger the duty to defend; the insurer may not rely on such facts to deny
    its defense duty.

3   *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wash.2d 793, 803–04 (2014) (internal

4   citations omitted) (citing *Woo v. Fireman's Fund Ins. Co.,* 161 Wash.2d 43, 53-54

5   (2007) (quoting *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751, 761

6   (2002))).

7       Although there is evidence of negligence on the part of PAR and Mr.

8   Finnerty, evidence of negligence is not required.  As discussed more below, the

9   uncontested allegations in the instant case are sufficient to establish the bodily

10  injury (for which BlueLine is potentially liable) resulted from (*i.e.* has a causal

11  connection with) an act or omission of PAR or its employees (whether negligent or

12  not), as the act of Mr. Finnerty driving down the road (at the direction of his

13  employer, PAR) has a causal connection with the resulting accident.  Thus, even if

14  limited to the face of the complaint Old Republic has a duty to defend BlueLine in

15  the underlying suit.  Moreover, the evidence presented outside of the complaint

16  could properly be considered because the allegations of the complaint conflict with

17  facts known to the insurer.  *Id*.

18      **4.   Old Republic has a duty to defend BlueLine in the underlying suit**

19      In Washington, the "duty to defend is triggered if the insurance policy

20  *conceivably covers* allegations in the complaint."  *American Best Food, Inc. v.*

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 29

*Alea London, Ltd.*, 168 Wash.2d 398, 404 (2010) (citing *Woo v. Fireman's Fund Ins. Co.,* 161 Wash.2d 43, 53). "The duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *American Best Food*, 168 Wash.2d at 404 (quoting *VanPort Homes,* 147 Wash.2d 751 (quoting *Unigard Ins. Co. v. Leven,* 97 Wash. App. 417, 425 (1999))). "The insurer is entitled to investigate the facts and dispute the insured's interpretation of the law, but if there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *American Best Food*, 168 Wash.2d at 405 (citing *VanPort Homes.*, 147 Wash.2d at 760).

Old Republic argues that bodily injury in the underlying suit did not result from the acts or omissions of PAR or its employees, but this argument presumes acts or omissions requires fault. ECF No. 25 at 5. Although there is still sufficient evidence to establish the duty to defend based on the potentially negligent act or omission of PAR, as discussed above, a showing of potential negligence is not required. Rather, any act or omission of PAR or its employees suffices, so the evidence of negligence is immaterial (and BlueLine's objection to their use, ECF No. 40 at 2-3, is moot). Rather, it is sufficient (for purposes of establishing the injury resulted from the acts or omission of PAR or its employees) that Mr. Finnerty was driving the vehicle within the scope of employment when he failed to

negotiate a turn, and that this was causally connected to the ultimate accident. Under these facts, Old Republic could conceivably be responsible for BlueLine's (potential liability) from the underlying lawsuit.

### 5. **Old Republic has a duty to indemnify BlueLine in the underlying suit**

The duty to indemnify arises when the terms of the agreement actually provide for indemnification. For the same reasons Old Republic has a duty to defend, Old Republic also has a duty to indemnify BlueLine for sums it must pay in the underlying lawsuit. It is uncontested that Mr. Finnerty was driving the truck to transport a load of gravel from a gravel pit to the construction site when the accident occurred, resulting in Mr. Finnerty's death. ECF No. 26 at ¶¶ 9-11; 40 at 2. These uncontested facts alone establish that an act of PAR or its employees (PAR in directing and Mr. Finnerty in driving) is causally connected to the injury in the underlying dispute. Old Republic's Motion to Dismiss (ECF No. 25) is **DENIED** and BlueLine's Motion for Summary Judgment (ECF No. 36) is **GRANTED**.

//

//

//

//

//

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY
JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY
JUDGMENT ~ 31

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. PAR's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

2. Old Republic's Motion for Summary Judgment (ECF No. 25) is **DENIED**.

3. BlueLine's Motion for Summary Judgment (ECF No. 36) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and Judgment accordingly, provide copies to counsel and **CLOSE** the file.

**DATED** January 25, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PAR AND BLUELINE'S MOTION FOR SUMMARY JUDGMENT AND DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT ~ 32